UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 20-cr-10134-DJC |
| ) | 20-cr-10136-RGS |
| KENJI DRAYTON ) | |
| ) | |

**JOINT MOTION TO CONSOLIDATE CASES FOR
PLEA AND SENTENCING**

The defendant, Kenji Drayton, and the government move this Court, pursuant to Local Rules 40.1(i)(2) and 40.1(j), to consolidate these two cases for purposes of his guilty pleas and sentencing. As grounds, the parties state the following:

Mr. Drayton has been indicted in each case for a single count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, 21 U.S.C. § 846. The cases are companion matters; of the 25 individuals charged between the two cases, Mr. Drayton is the only defendant who was included in both indictments. The indictments allege a conspiracy in which Mr. Drayton participated in distribution of cocaine and cocaine base in the City of Boston. The allegations in the indictments overlap in that Mr. Drayton is alleged to be the link between two separate drug trafficking operations, one in Brighton (20-cr-10134-DJC) and one in the South End and Dorchester (20-cr-10136-RGS). The investigation into the activities in the South End and Dorchester sprawled out from the investigation in Brighton. Mr. Drayton intends to plead guilty to both indictments.

Joining cases is appropriate where they are closely related in conduct and in time. *See United States v. Doherty*, 867 F.2d 47, 70 (1st Cir. 1989). Whether to consolidate multiple cases for a single defendant is within discretion of the District Court. *United States v. Antonelli*

*Fireworks Co.*, 155 F.2d 631, 635 (2d Cir. 1946). Consolidating these two indictments is appropriate given that they are very closely related. The discovery provided in the two cases is identical; the defendants in each indictment have all received the same discovery. Whether charged in one indictment or the other, every defendant has received all information pertaining to both cases. The government's correspondences to defense counsel include counsel for each defendant in the two cases and list the two cases in their subject lines. Likewise, the status hearings for the two cases, which have each been held separately, are nearly word-for-word the same. As Mr. Drayton is the only defendant charged in each indictment, his counsel has attended every status hearing for each case and can attest to the near indistinguishable nature of the proceedings. This is essentially one investigation that was charged as two complementary conspiracies based on the geographic location of each defendant's alleged conduct. Mr. Drayton is the sole defendant alleged to have crossed this bridge, leading to his dual indictments.

One defendant in the 20-cr-10136-RGS matter, Jarmina Kallon, has already pled guilty and another, Eric Davis, has filed a notice of his intention to plead guilty. By contrast, none of the defendants in the 20-cr-10134-DJC case have done so. Therefore, the parties suggest it is appropriate to consolidate Mr. Drayton's cases for pleas and sentencing with the 20-cr-10136-RGS matter.

WHEREFORE, the parties move that this motion be allowed, and these cases be consolidated for purposes of Mr. Drayton's Rule 11 plea and sentencing.

|  |  |
|---|---|
|  | KENJI DRAYTON<br>By his attorneys,<br>CARNEY & ASSOCIATES |
|  | *J. W. Carney, Jr.*<br>J. W. Carney, Jr.<br>B.B.O. # 074760 |
|  | *Daniel J. Gaudet*<br>Daniel J. Gaudet<br>B.B.O. # 688120<br>20 Park Plaza, Suite 1405<br>Boston, MA 02116<br>617-933-0350 |
| October 27, 2020 | JCarney@CARNEYdefense.com |
|  | ANDREW E. LELLING<br>United States Attorney |
|  | By: /s/ *Timothy E. Moran*<br>Timothy E. Moran<br>Kaitlin O'Donnell<br>Assistant U.S. Attorneys<br>One Courthouse Way, Suite 9100<br>Boston, MA 02210 |
| October 29, 2020 | 617-748-3100 |

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*Daniel J. Gaudet*
Daniel J. Gaudet

3